# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

BRANCH BANKING & TRUST COMPANY,

    Plaintiff,

v.

GREENBRIAR ESTATES, LP; HUGH W. ROBERTS; and ALAN G. PAULK SR.,

    Defendants.

Civil Action 7:13-CV-12 (HL)

## ORDER

On January 31, 2013, Plaintiff filed this matter in the Valdosta Division of the United States District Court for the Middle District of Georgia, alleging diversity as the basis for federal jurisdiction. Because federal courts are courts of limited jurisdiction, they "always have an obligation to examine *sua sponte* their jurisdiction before reaching the merits of any claim." Kelly v. Harris, 331 F.3d 817, 819 (11th Cir. 2003). When a plaintiff files a claim in federal court it is generally the plaintiff's burden to allege the specific facts necessary to establish jurisdiction. Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1273 (11th Cir. 2000).

Plaintiff, a citizen of North Carolina, alleges that jurisdiction is proper in this Court because there is diversity of citizenship of the parties and the amount in controversy is greater than $75,000. However, Plaintiff has not properly pled citizenship of any of the Defendants.

For purposes of establishing diversity, Plaintiff alleges that Defendant Roberts is a Georgia resident, and that Defendant Paulk is a Georgia resident. There is no statutory definition of citizen with regard to natural persons. Federal courts hold that an individual's citizenship is equivalent to "domicile" for purposes of diversity jurisdiction. McCormick v. Anderholt, 293 F.3d 1254, 1257 (11th Cir. 2002). Domicile requires one's physical presence within the state with the intent to make the state one's "true, fixed, and permanent home and principal establishment." Id. at 1257-58 (quoting Mas v. Perry, 489 F.2d 1396, 1399 (5th Cir. 1974)). A person may reside in one place but be domiciled in another. Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48, 109 S. Ct. 1957, 1608 (1989). A complaint merely alleging residency, as opposed to state citizenship or domicile, is insufficient to invoke diversity jurisdiction. Duff v. Beaty, 804 F.Supp. 332, 334 (N.D.Ga. 1992). As Plaintiff has pled Defendants Roberts and Paulk's place of residence, rather than citizenship, it has not properly pled citizenship for purposes of a diversity action.

Plaintiff alleges that Defendant Greenbriar Estates, LP is a Georgia limited partnership. For purposes of 28 U.S.C. § 1332, the citizenship of a limited partnership, as an artificial, unincorporated entity, is determined by the citizenship of each of the partners or members composing the organization. *See* Carden v. Arkoma Assoc., 494 U.S. 185, 110 S.Ct. 1015; Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020 (11th Cir. 2004). As Plaintiff has not

pled the citizenship of the members of the limited partnership, it has not properly pled citizenship for purposes of a diversity action.

As a result of these deficiencies, this Court is unable to ascertain whether complete diversity of citizenship exists and, therefore, the complaint fails to satisfy the prerequisites of subject matter jurisdiction. However, the Court is of the opinion that Plaintiff should be allowed to amend to correct the deficiencies noted. Accordingly, the Plaintiff shall have until February 15, 2013 in which to file an amended complaint that conforms to the findings of this Order. Failure to plead the necessary jurisdictional prerequisites in a timely manner will result in dismissal for lack of jurisdiction.

**SO ORDERED**, this the 1st day of February, 2013.

> *s/ Hugh Lawson*
> **HUGH LAWSON, SENIOR JUDGE**

mbh