**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| **BRANCH BANKING AND TRUST COMPANY,**<br><br>    Plaintiff,<br><br>v.<br><br>**GREENBRIAR ESTATES, LP, HUGH W. ROBERTS, and ALAN G. PAULK SR.**,<br><br>    Defendants. | Civil Action No. 7:13-CV-12 (HL) |

**ORDER**

This case is before the Court on Plaintiff's Motion for Summary Judgment (Doc. 19). For the reasons discussed below, the motion is granted.

**I.    SUMMARY JUDGMENT STANDARD**

Federal Rule of Civil Procedure 56 requires that summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548

(1986) (internal quotations omitted)). Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257, 106 S.Ct. 2505 (1986).

In resolving a motion for summary judgment, the court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party. Patton v. Trial Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th Cir. 2002). But, the court is bound only to draw those inferences which are reasonable. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348 (1986))."If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (internal citations omitted).

Defendants did not file a response to Plaintiff's motion. The Court "cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion." United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla., 363 F.3d

1099, 1011 (11th Cir. 2004). However, the Court "need not sua sponte review all of the evidentiary materials on file at the time the motions is granted, but must ensure that the motion itself is supported by evidentiary materials." Id.

## II.   FACTS

### A.   Local Rule 56

In accordance with Local Rule 56, Plaintiff filed a statement of material facts to which it contends there is no genuine dispute. (Doc. 19-2). As required by Local Rule 56, each fact statement is supported by a specific citation to the record. *See* M.D. Ga. L.R. 56.

Local Rule 56 requires the respondent to respond to each of the movant's numbered material facts. "All material facts contained in the moving party's statement which are not specifically controverted by specific citation to the record shall be deemed to have been admitted, unless otherwise inappropriate." M.D. Ga. L.R. 56. Defendants did not file any response to the statement of material facts. Therefore, in accordance with Local Rule 56, the facts contained in Plaintiff's statement are deemed admitted.

Even though Plaintiff's submitted facts are deemed admitted, Plaintiff "continues to shoulder the initial burden of production in demonstrating the absence of any genuine issue of material fact, and the court must satisfy itself that the burden has been satisfactorily discharged." Reese v. Herbert, 527 F.3d

1253, 1268 (11th Cir. 2008). The Court must "review the movant's citations to the record to determine if there is, indeed, no genuine issue of material fact." Id. at 1269 (quotation and internal quotation marks omitted). The Court has so reviewed the record, and viewed in the light most favorable to Defendants, finds the facts for purposes of summary judgment to be as follows.

Defendant Greenbriar Estates, LP ("Greenbriar") executed and delivered to First Liberty Bank, predecessor to Plaintiff, a promissory note dated February 25, 2000 in the principal amount of $425,000 (the "Note"). Greenbriar subsequently executed and delivered to Plaintiff Note Modification Agreements dated March 23, 2001, April 18, 2002, August 14, 2002, April 23, 2003, April 14, 2004, April 22, 2005, May 1, 2006, May 11, 2007, May 19, 2008, October 19, 2009, February 12, 2010, and June 4, 2010. These Note Modification Agreements extended the maturity date of the Note and reflected the changing principal balance owed on the Note. Under the last Note Modification Agreement, the principal amount of the Note was $179,800. The Note was due to mature on June 10, 2011.

Defendant Hugh W. Roberts and Defendant Alan G. Paulk Sr. each executed a Guaranty Agreement dated February 25, 2000, by which they guaranteed repayment of any and all debts then owing or thereafter incurred by Greenbriar to Plaintiff. Roberts and Paulk subsequently executed additional

4

Guaranty Agreements dated June 4, 2010, by which they again guaranteed repayment of all indebtedness then existing or thereafter arising from Greenbriar to Plaintiff.

Defendants did not pay the indebtedness due under the Note when it matured on June 10, 2011, and the Note went into default. Plaintiff delivered notices to Defendants dated October 26, 2012, November 16, 2012, and January 4, 2013 demanding immediate payment of all principal and interest owing on the Note. Defendants were notified that the provisions of the Note regarding payment of attorney's fees would be enforced if the full amount of principal and interest due on the Note was not paid within 10 days from Defendants' receipt of the notices.[1] Defendants made no payments in response to the notices.

Plaintiff now moves for summary judgment against all of the Defendants. Plaintiff seeks payment of the principal balance, interest, bank fees, and attorney's fees. According to Plaintiff, as of December 4, 2013, the following amounts are due on the Note: $179,800 in principal; $25,407.99 in accrued interest; $7,558.46 in bank fees; $20,545.80 in attorney's fees; $26.2208 in per diem interest for each day after December 4, 2013; and $2.62208 in per diem attorney's fees for each day after December 4, 2013.

---

[1] The Note provides that Defendants shall be liable for all costs of collection and attorney's fees if the Note is placed with an attorney for collection.

## III. ANALYSIS

"A plaintiff seeking to enforce a promissory note establishes a prima facie case by producing the note and showing that it was executed. Once that prima facie case has been made, the plaintiff is entitled to judgment as a matter of law unless the defendant can establish a defense." <u>Core LaVista, LLC v. Cumming</u>, 308 Ga. App. 791, 795, 709 S.E.2d 336, 340 (2011) (quotation omitted); <u>Smith v. Gordon</u>, 266 Ga. App. 814, 814, 598 S.E.2d 92, 93 (2004) ("A creditor in possession of a valid and signed promissory note has a prima facie right to repayment, unless the debtor can establish a valid defense."); <u>Gentile v. Bower</u>, 222 Ga. App. 736, 738, 477 S.E.2d 130, 133 (1996) ("In an action on a promissory note, a claimant may establish a prima facie right to judgment as a matter of law by producing the promissory note and showing that it was executed.") Similarly, a party seeking to enforce a guaranty agreement establishes a prima facie case by showing that the note and guaranty agreement were executed and that the maker of the note defaulted thereunder. <u>Shropshire v. Alostar Bank of Commerce</u>, 314 Ga. App. 310, 315, 724 S.E.2d 33, 38-39 (2012).

The Court finds that Plaintiff has established a prima facie case of liability. Plaintiff has produced the executed Note and Guaranty Agreements and has produced evidence demonstrating that Defendants are in default. Defendants

have presented no evidence to rebut Plaintiff's showing that they are currently in default. Thus, the burden of production shifts to Defendants to produce or point to evidence in the record which establishes an affirmative defense. Big Sandy Partnership, LLC v. Branch Banking & Trust Co., 313 Ga. App. 871, 872, 723 S.E.2d 82, 84 (2012). Defendants cannot rest on allegations in their pleadings to establish their affirmative defenses, but rather must come forward with or point to specific facts in the record to establish the affirmative defenses. Id. (citing Southeast Reducing Co. v. Wasserman, 229 Ga. App. 1, 4-5, 493 S.E.2d 201 (1997)).

    As noted above, Defendants did not file a response to Plaintiff's summary judgment motion. They have not pointed to any specific facts in the record which would establish any affirmative defense to Plaintiff's claim. Even if the Court were to consider the defense raised in Defendants' answer, Plaintiff would still be entitled to judgment in its favor. Defendants stated in their answer that they are not in default because Plaintiff had accepted late and irregular payments during the life of the loan, thereby changing the terms of the loan. But as correctly pointed out by Plaintiff, a commitment to lend money must be in writing, and any proposed modification of a written agreement subject to the statute of frauds also must be in writing to be effective. O.C.G.A. § 13-5-30(7); Brooks v. Gwinnett Cmty. Bank, 311 Ga. App. 806, 717 S.E.2d 647 (2011). Defendants have

produced no written modification of the Note. Therefore, this affirmative defense fails.[2]

Because Plaintiff has established its prima facie case and Defendants have no valid defenses, summary judgment in Plaintiff's favor is appropriate. The Court must now determine the amounts due under the Note. Defendants have not disputed the amounts due, other than to deny that they are liable for them. Based on the evidence in the record, the Court finds that Plaintiff is entitled to judgment in its favor as follows:

Greenbriar, Roberts, and Paulk are jointly and severally liable to Plaintiff on the Note. As of December 4, 2013, Defendants owed $179,800 in principal, $25,407.99 in interest, and $7,558.46 in bank fees. Interest continues to accrue at a per diem rate of $26.2208 for each day after December 4, 2013. Per diem interest at the rate of $26.2208 from December 4, 2013 to the date of this Order, February 7, 2014, amounts to $1,730.57.  Therefore, Defendants Greenbriar, Roberts, and Paulk are jointly and severally liable to Plaintiff for principal, interest, and fees on the Note in the amount of $214,497.02.

Plaintiff is also entitled to its collection costs, including attorney's fees. Under O.C.G.A. § 13-1-11, Plaintiff is entitled to 15 percent of the first $500 of

---

[2] The Court will not consider the second defense mentioned in Plaintiff's motion. Plaintiff states that during his deposition, Roberts testified that Plaintiff was obligated to continue renewing the Note so that the Defendants could pay it incrementally. However, this defense was not raised in Defendants' answer and was not advanced by Defendants in response to the summary judgment motion.

principal and interest owed (which is $75) plus 10 percent of the remaining principal and interest owed (which is $20,643.86) for a total award of attorney's fees of $20,718.86.[3]

## IV. CONCLUSION

Plaintiff's Motion for Summary Judgment (Doc. 19) is granted.

The Clerk of Court is directed to enter judgment in favor of Plaintiff and against Defendants Greenbriar Estates, LP, Hugh W. Roberts, and Alan G. Paulk, Sr. jointly and severally, in the amount of:

1. $179,800 in unpaid principal;

2. $7,558.46 in bank fees;

3. $27,138.56 in interest;

4. $20,718.86 in attorney's fees; and

5. Post-judgment interest at the statutory rate.

**SO ORDERED**, this the 7th day of February, 2014.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh

---

[3] This calculation takes into consideration the per diem interest accrued from December 4, 2013 to the date of this Order.